IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MONICA J. ANFINSON and<br>JERRY R. ANFINSON,<br><br>    Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC, ELAINE<br>FREEMAN-LARK, and<br>MCLEMORE & EDINGTON, PLLC,<br><br>    Defendants. | Civil Action No. _____<br><br><br>Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiffs.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiffs resides here.

### PARTIES

4. Plaintiff Monica J. Anfinson (hereinafter ""Mrs. Anfinson" or "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Jerry R. Anfinson (hereinafter ""Mr. Anfinson" or "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio Recovery") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation organized in Virginia, that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927, as its registered agent for service of process.

7. Defendant Elaine Freeman-Lark (hereinafter "Defendant Freeman-Lark") is a natural person who is an employee and/or agent of Defendant Portfolio Recovery, and a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 120 Corporate Blvd., Suite 100, Norfolk, VA, 23502-4962, or her home address.

8. Defendant McLemore & Edington, PLLC (hereinafter "Defendant McLemore & Edington") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: Paul E. McLemore, 9051 Executive Park Dr., Suite 500, Knoxville, TN 37923-4632.

## FACTUAL ALLEGATIONS

9. Defendants have alleged that Plaintiffs incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by FIA Card Services/Bank of America (hereinafter "Bank of America")

10. After default, Plaintiffs' debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiffs.

11. Defendant Portfolio Recovery is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

12. When purchasing charged-off consumer debts, Defendant Portfolio Recovery makes an intentional business decision not to obtain competent evidence as to whether a written contract existed between the original creditor of the debt and the consumer, or if other documentation exists which shows when or how the debt was incurred, or anything beyond very rudimentary information (i.e., name, last known address, telephone number, social security number, amount due, name of original creditor, original account number, and current owner of the debt) that would allow it to correctly calculate the amount of debt owed by a consumer.

13. The lack of documentation debt buyers such as Defendant Portfolio Recovery receive when they purchase charged-off debt is reflected in the price, sometimes a little as a penny or two on the dollar.

14. The usual way Defendant Portfolio Recovery collects charged-off consumer debts is to employ debt collection attorneys such as Defendant McLemore & Edington to file collection lawsuits, providing only sworn affidavits as evidence of the alleged debt.

15. Defendant Portfolio Recovery and Defendant McLemore & Edington filed the collection lawsuits against Tennessee consumers, knowing they do not have the means and do not intend to obtain the means of proving the alleged debts. The means having been determined repeatedly by General Sessions or Circuit Court judges in East Tennessee, and courts elsewhere as the live testimony of a witness from the original creditor. ***See,***

*CACH, LLC v. Askew*, 2012 WL 135395 (Mo. Sup. Ct., Jan. 17, 2012) ("Records custodian for debt collector was not qualified to lay foundation for business records exception to hearsay rule for document purporting to show assignment of debtor's credit card account to debt collector")

16. The business model followed by Defendant Portfolio Recovery and Defendant McLemore & Edington to collect debts from Tennessee consumers is to engage in a "pattern and practice" of filing collection lawsuits: (1) after making intentional business decisions that they will not obtain competent evidence of the alleged debt, if challenged by a consumer (2) prior to reasonably and adequately investigating whether a consumer owes the amount of debt they are attempting to collect, or owes the debt at all, (3) using sworn affidavits that knowingly contain false, deceptive, and misleading statements made by persons who do not possess the information or ability to make a sworn affidavit as to the correctness of the amount owed, and (4) with the improper motive of obtaining default judgments against 95% or more of the consumers who are intimidated by the sworn affidavits because they are made in the course of litigation and under penalty of perjury; all done in order to increase their respective financial bottom lines.

17. In a majority of the cases, debt buyers such as Defendant Portfolio Recovery and debt collection attorneys such as Defendant McLemore & Edington obtain a default judgment and the sufficiency of the debt buyer's sworn affidavits are not challenged.

18. In those few instances where a consumer has the means and ability to defend the collection lawsuit, debt buyers such as Defendant Portfolio Recovery and debt collection attorneys such as Defendant McLemore & Edington will dismiss the case rather than risk having their systemic fraud on the court exposed.

*April 14, 2011 Collection Lawsuit*

19. Before Defendant Portfolio Recovery and Defendant McLemore & Edington filed the collection lawsuit against Plaintiffs, each intentionally made a business decision that, if challenged by Plaintiffs, it would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into a contract with <u>any</u> entity creating the debt, or (2) how the amount claimed as owed was calculated.

20. Within one year prior to the filing of this Complaint, on or about April 14, 2011, Defendants filed a Civil Summons and sworn Affidavit against Plaintiffs in state court (collectively the "collection lawsuit"). *A copy of the April 14, 2011 collection lawsuit is filed as collective Exhibit 1 to this Complaint.*

21. The Civil Summons and sworn Affidavit were served on Plaintiffs in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. Despite the fact that Defendant Portfolio Recovery and Defendant McLemore & Edington filed the collection lawsuit against Plaintiffs after intentionally making business decisions that, if challenged by Plaintiffs, it would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into a contract with <u>any</u> entity creating the debt, or (2) how the amount claimed as owed was calculated, Defendant Portfolio Recovery and Defendant McLemore & Edington filed suit against Plaintiffs seeking to collect: "For goods, services, arbitration award or monies advanced or loaned to Defendants for which payment has not been received as evidenced by the sworn account attached hereto in the sum of $6,655.46, plus interest at rate of 10% APR & the costs of this action." *See Doc. 1-1, p. 1.*

23. By making business decisions that, if challenged by Plaintiffs, they would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into a contract with <u>any</u> entity creating the debt, or (2) how the amount claimed as owed was calculated, Defendant Portfolio Recovery and Defendant McLemore & Edington used deceptive and misleading representations or means in connection with collection of the alleged debt.

24. By using deceptive and misleading representations or means in connection with collection of the alleged debt by stating in the Civil Summons that Defendant Portfolio Recovery was entitled to an amount not expressly authorized by the agreement creating the debt or permitted by law, without knowledge of whether a written contract existed, Defendant Portfolio Recovery and Defendant McLemore & Edington falsely represented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), and falsely represented the compensation which may be lawfully received by any debt collector for the collection of a debt in violation of 15 U.S.C. § 1692e(2)(B), and used false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

25. The collection lawsuit filed against Plaintiffs was based solely on a sworn account, which claim was defective because it was knowingly based on false, deceptive, and misleading statements in the sworn Affidavit filed with the Civil Summons intended to deceive the state court and Plaintiffs.

26. On June 28, 2011, Plaintiffs filed sworn denials in the collection lawsuit stating that Plaintiffs had not entered into any agreement with Defendant Portfolio Recovery for the repayment of debt or otherwise. *A copy of the sworn denials are filed as collective Exhibit 2 to this Complaint.*

27. Without a written contract signed by Plaintiffs, the Defendants may not recover attorney's fees or a contract rate of interest on the underlying debt. *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (perm. app. den. Sup. Ct., December 15, 2008).

*Use of Civil Summons That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

28. The demand in the Civil Summons that Plaintiffs owes "$6,655.46, plus interest at rate of 10% APR", was for an amount not expressly authorized by the agreement creating the debt or permitted by law.

29. By filing the Civil Summons which contained deceptive and misleading representations in connection with collection of the debt while unreasonably relying on Bank of America or an assignee of Bank of America as to the amount of debt allegedly owed by Plaintiffs, without knowledge of whether a written contract existed, Defendant Portfolio Recovery and Defendant McLemore & Edington communicated credit information to the State court, the general public, and the Plaintiffs, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

30. By attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, Defendant Portfolio Recovery and Defendant McLemore & Edington violated 15 U.S.C. § 1692f(1).

31. The demand in the Civil Summons that Plaintiffs owed "$6,655.46, plus interest at rate of 10% APR" was made by Defendant Portfolio Recovery and Defendant McLemore & Edington after making business decisions that, if challenged by Plaintiffs, they would not attempt to obtain any competent evidence that could be used to show in a court of law: (1) that Plaintiff had entered into a contract with <u>any</u> entity creating the debt, or (2) how the amount claimed as owed was calculated, or make a reasonable and adequate investigation as to whether Plaintiffs owed the amount of debt they were attempting to collect or owed the debt at all, and was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio Recovery and Defendant McLemore & Edington had attempted to correctly calculate the amount owed based on the terms of the contract Plaintiffs allegedly had with the original creditor prior to filing the Civil Summons, when they had intentionally made no effort to do, and the amount of debt alleged as owed was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Use of Sworn Affidavit That Contained False, Deceptive and Misleading Statements in Connection With Collection of the Alleged Debt*

32. An affidavit filed in support of a Civil Summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. ***See, Tenn. Code Ann. § 24-5-107(a).***

33. Defendant Freeman-Lark, who authored the Affidavit that was filed on April 14, 2011 in support of the Civil Summons, swore under oath in the Affidavit to the following statements:

(1) She is the "Custodian of Records" for Defendant Portfolio Recovery.

(2) "I am authorized to make the statements, representations, and averments herein."

(3) "According to the account records provided to [Defendant Portfolio Recovery] by [Bank of America], there was due and payable from [Mr. Anfinson] to [Bank of America] the sum of $ 6,655.46 . . . as of 08/18/08."

(4) "According to the account records of [Bank of America], which account records are maintained in the ordinary course of business, the account, and proceeds of the account are now owned by [Defendant Portfolio Recovery], all of [Bank of America's] interest in such account having been sold, assigned and transferred by [Bank of America} on 08/18/08."

(5) "Further, [Defendant Portfolio Recovery] has been assigned all of [Bank of America's] power and authority to do and perform all acts necessary for the settlement, satisfaction, compromise, collection or adjustment of said account, and [Bank of America] has retained no further interest in said account or the proceeds thereof, for any purpose whatsoever."

(6) "At the time of the sale and assignment of the said account by [Bank of America], there was due and owing the sum of $6,655.46, there being no known uncredited payments, just counterclaims or offsets against the said debt as of the date of the sale."

*See Doc. 1-1, p. 2.*

34. Prior to signing the Affidavit under penalty of perjury, Defendant Freeman-Lark did not review records of the originator of the debt to determine if there was a contract signed by Plaintiffs and, if so, whether the amount Plaintiffs allegedly owed was correct, because Defendant Portfolio Recovery followed its business model of not obtaining records of the originator of the debt that would have allowed Defendant Freeman-Lark to do so.

35. Without records of the originator of the debt available for Defendant Freeman-Lark to review prior to signing the Affidavit under penalty of perjury to determine if the amount allegedly owed by Plaintiffs was correct, as required by Tennessee state law for a sworn account, it was impossible for Defendant Freeman-Lark to truthfully make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiffs.

36. Form affidavits, such as the one filed in the lawsuit against Plaintiffs, are generated automatically by a computer owned by Defendant Portfolio Recovery upon request and routinely provided to Defendant Freeman-Lark and other employees and/or agents of Defendant Portfolio Recovery who engage in the robo-signing of hundreds, if not thousands, of these affidavits without the information or ability to make a sworn affidavit as to the correctness of the amount owed by consumers, within the requirements of Tennessee state law.

37. The form affidavits are attached to and filed with the Civil Summons by debt collection attorneys such as Defendant McLemore & Edington.

38. The intentional use by Defendants of the form affidavit in Plaintiffs' collection lawsuit that contains representations that are obviously fraudulent, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

39. The statements made by Defendant Freeman-Lark in the sworn Affidavit, including, but not limited to:

    (1) "According to the account records provided to [Defendant Portfolio Recovery] by [Bank of America]"; and

    (2) "According to the account records of [Bank of America], which account records are maintained in the ordinary course of business",

    were simply the regurgitation by Defendant Freeman-Lark of language from the Tennessee Rules of Evidence, in an intentional attempt to mislead the State court and Plaintiffs into believing that Defendant Freeman-Lark was someone who had personal knowledge of the amount of debt allegedly owed by Plaintiffs and that Plaintiffs, in fact, owed the debt, when it was not possible for Defendant Freeman-Lark to have such personal knowledge.

40. Defendant Portfolio Recovery and Defendant McLemore & Edington intentionally use virtually identical form affidavits in the collection lawsuits filed against Tennessee

consumers, alleging facts not in possession of Defendant Portfolio Recovery and to which its agents are not qualified to sign under oath due to their lack of information.

41. Defendant Portfolio Recovery and Defendant McLemore & Edington filed the collection lawsuit against Plaintiffs in an attempt to collect the debt knowingly using Defendant Freeman-Lark's sworn Affidavit that contained the false, deceptive and misleading language as the only evidentiary basis to support their claims.

42. Defendant Freeman-Lark's demands in the sworn Affidavit for amounts not expressly authorized by the agreement creating the debt or permitted by law, without knowledge of whether a written contract existed, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn affidavit as to the correctness of the amount owed, if any, by Plaintiffs, as required by Tennessee law, in violation of 15 U.S.C. § 1692e(2)(A), the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

43. By filing the collection lawsuit against Plaintiffs: (1) after making intentional business decisions that they will not obtain competent evidence of the alleged debt, if challenged by Plaintiffs, (2) prior to reasonably and adequately investigating whether Plaintiffs owed the amount of debt they were attempting to collect, or owed the debt at all, (3) while using a sworn affidavit signed by Defendant Freeman-Lark, who does not possess the information or ability to make a sworn affidavit as to the correctness of the amount owed as required under Tennessee state law for sworn accounts, that knowingly contains false,

deceptive, and misleading statements, and (4) with the improper motive of obtaining a default judgment against Plaintiffs through intimidation by having Defendant Freeman-Lark make the knowingly false, deceptive, and misleading statements in the affidavit in the course of litigation and under penalty of perjury, in order to increase their respective financial bottom lines, Defendant Portfolio Recovery and Defendant McLemore & Edington violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

44. By filing the collection lawsuit against Plaintiffs in an attempt to collect the debt with the use of an affidavit that knowingly contains false, deceptive and misleading misrepresentations made by Defendant Freeman-Lark, who alleged facts not in her possession and in violation of Tennessee state law, Defendants used false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Portfolio Recovery and Defendant McLemore & Edington had the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

45. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the sworn Affidavit that included the knowingly false, deceptive, and misleading statements, including the amount owed of $6,655.46, Defendant Portfolio Recovery and its agents communicated credit information to the State court, the general public, and Plaintiffs, which is known or should be known to be

false, in violation of 15 U.S.C. § 1692e(8).

46. By attempting to collect amounts in the sworn Affidavit not expressly authorized by the agreement creating the debt or permitted by law, Defendant Portfolio Recovery and Defendant McLemore & Edington violated 15 U.S.C. § 1692f(1).

47. The statement in the Affidavit that Plaintiffs owed $6,655.46, after Defendant Portfolio Recovery and Defendant McLemore & Edington made intentional business decisions that they will not obtain competent evidence of the alleged debt, if challenged by a consumer, chose not to obtain or have Defendant Freeman-Lark review a copy of the written contract signed by Plaintiffs or other evidence as to the amount of debt allegedly owed by Plaintiffs or the fact that Plaintiffs owed the debt at all, prior to execution of the sworn Affidavit, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had attempted to correctly calculate the amount owed based on the terms of the contract Plaintiffs allegedly had with the original creditor prior to filing the Affidavit, when Defendants had intentionally made no effort to do so, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *April 29, 2011 Collection Letter*

48. On or about April 29, 2011, Defendant sent Mr. Anfinson a collection letter dated April 29, 2011. ***Copy of the April 29, 2011 collection letter is filed as Exhibit 3 to this Complaint***.

49. The April 29, 2011 collection letter was made in connection with the collection of a debt and in an attempt to collect a debt, and is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

50. The April 29, 2011 collection letter was a subsequent communication by Defendant McLemore & Edington in connection with collection of the debt.

51. The April 29, 2011 collection letter stated:

> "Account of   JERRY R ANFINSON and MONICA J ANFINSON
> With:         **PORTFOLIO RECOVERY ASSOCIATES, LLC**
>               **assignee of FIA CARD SERVICES, N.A.**
> Balance:      $8,644.31
>
> . . .
>
> The Court Clerk has advised us that you have been served with a copy of the lawsuit that has been filed against you in the above referenced matter. Our client will allow us to discuss either a lump sum settlement offer or allow you to make monthly payments on the full balance.
>
> If you wish to discuss a lump sum settlement or payments on the full balance, please call our office before your court date at (865) 560-0402 or outside the (865) area code toll free at 1-877-560-0402.
>
> . . .
>
> **NOTICE**
>
> **The purpose of this letter is to collect a debt and any information obtained will be used for that and other purposes allowed by law. This communication is from a debt collector.**"

(all bold and capital letters in original)

*Revision of § 1692e(11) Language and Inclusion of Additional Language in Subsequent Communication Disclosure Threatening and Confusing to Least Sophisticated Consumer*

52. The FDCPA states: "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

53. In failing to comply with the requirement of 15 U.S.C. §1692e(11), Defendant McLemore & Edington April 29, 2011 collection letter states:

> The purpose of this letter is to collect a debt and any information obtained will be used for that and other purposes allowed by law. This communication is from a debt collector. (underline added)

54. Defendant McLemore & Edington's revision of the required statutory language and inclusion of the additional language "and other purposes allowed by law" would be threatening and confusing to the least sophisticated consumer as to what other purposes are allowed by law besides collection of the debt, and is a deceptive, misleading, unfair and unconscionable communication in connection with collection of the debt and in an attempt to collect the debt that represents or implies that nonpayment of the debt may result in the consumer being arrested or imprisoned or their property or wages seized, garnished, attached, or sold, threatens to take any action that cannot be legally taken or that is not intended to be taken, and falsely implies that the consumer committed any crime or other conduct in order to disgrace the consumer, in violation of 15 U.S.C. §§ 1692e, 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f.

*False Representation of the Amount of the Debt*

55. Mrs. Anfinson obtained a credit report from Experian dated June 27, 2011 that stated Defendant Portfolio Recovery was reporting the amount owed of $8,506.00, as of June 2011.

56. Mr. Anfinson obtained a credit report from Experian dated July 21, 2011 that stated Defendant Portfolio Recovery was reporting the amount owed of $8,557.00, as of July 2011.

57. Mrs. Anfinson obtained a credit report from TransUnion dated June 27, 2011 that stated Defendant Portfolio Recovery was reporting the amount owed of $8,506.00, as of June 2011.

58. Mr. Anfinson obtained a credit report from TransUnion dated July 21, 2011 that stated Defendant Portfolio Recovery was reporting the amount owed of $8,557.00, as of July 2011.

59. The April 14, 2011 collection lawsuit stated that the amount of debt allegedly owed by Plaintiffs to Defendant Portfolio Recovery was "$6,655.46 plus interest at the rate of 10% APR 3,201.06" in the Civil Summons and $6,655.46 with no mention of interest in the sworn Affidavit. ***See, Doc. 1-1, pp. 1-2.***

60. The April 29, 2011 collection letter from Defendant McLemore & Edington stated that the amount owed was $8,644.31.

61. By overstating the amount of debt allegedly owed by Plaintiff in the April 29, 2011 collection letter, Defendant McLemore & Edington falsely represented the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

*Summary*

62. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

63. In addition to their individual liability under the FDCPA, the acts and omissions of Defendants Freeman-Lark and McLemore & Edington as agents for Defendant Portfolio Recovery and who communicated with Plaintiffs as further described herein, were

committed within the time and space limits of their agency relationship with their principal, Defendant Portfolio Recovery.

64. The acts and omissions by Defendants Freeman-Lark and McLemore & Edington were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio Recovery in collecting consumer debts.

65. By committing these acts and omissions against Plaintiffs, Defendants Freeman-Lark and McLemore & Edington were motivated to benefit their principal, Defendant Portfolio Recovery.

66. Defendant Portfolio Recovery is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio Recovery including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiffs.

## TRIAL BY JURY

67. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*

68. Plaintiffs incorporate by reference all of the above paragraphs as though fully stated herein.

69. The foregoing acts and omissions of Defendants constitute multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiffs.

70. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiffs, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs; and

- for such other and further relief as may be just and proper.

04/14/12                    Respectfully submitted,

**MONICA J. ANFINSON**
**JERRY R. ANFINSON**



/s/      Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiffs
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com

20
Case 2:12-cv-00152   Document 1   Filed 04/14/12   Page 20 of 20   PageID #: 20