IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MONICA J. ANFINSON and <br> JERRY R. ANFINSON, <br> <br> Plaintiffs, <br> <br> v. <br> <br> PORTFOLIO RECOVERY <br> ASSOCIATES, LLC, ELAINE <br> FREEMAN-LARK, and <br> MCLEMORE & EDINGTON, PLLC, <br> <br> Defendants. | Civil Action No. 2:12-CV-152 <br> **Chief District Judge Collier** <br> **Magistrate Judge Lee** <br> <br> <u>Jury Trial Demanded</u> |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE
DEFENDANT MCLEMORE & EDINGTON, PLLC'S CLAIM FOR
ATTORNEY FEES PURSUANT TO 15 U.S.C. § 1692k(a)(3)**

**INTRODUCTION**

Plaintiffs have filed their Motion to Strike to strike Defendant McLemore & Edington, PLLC's (hereinafter "Defendant McLemore") claim that Plaintiffs brought the current action in bad faith and for the purpose of harassment, and that the Court should award Defendant McLemore attorney's fees, as authorized by 15 U.S.C. §1692(k)(a)(3). This Memorandum is submitted in support of that motion.

**STATUS OF CASE FOR PURPOSES OF THIS MOTION**

On April 14, 2012, Plaintiffs filed their original Complaint in this action claiming violations of the Fair Debt Collection Practices Act ("FDCPA") by all Defendants. On May 15, 2012, Defendant McLemore filed its Answer, Affirmative Defenses, and claim that Plaintiffs

brought the current action in bad faith and for the purpose of harassment, and that the Court should award Defendant McLemore attorney's fees, as authorized by 15 U.S.C. §1692(k)(a)(3). *See Doc. 3, p. 11, ¶ 17.*

## LEGAL ARGUMENT

**I.　　RULE 12(f) OF FEDERAL RULES OF CIVIL PROCEDURE.**

Under Rule 12(f) this Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Fed. R. Civ. P. 12(f).*

**II.　　CLAIMS UNDER 15 U.S.C. § 1692k(a)(3).**

Section 1692k(a)(3) of the FDCPA states: On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

The FDCPA only allows for a recovery by Defendants of attorney's fees and costs on a "finding by the Court that an action was brought in bad faith <u>and</u> for the purpose of harassment. 15 U.S.C. § 1692k(a)(3). (emphasis added) Moreover, the FDCPA does not provide any basis for asserting a claim in an Answer or as an Affirmative Defense. Any relief under this section can only be had by way of motion after Defendant McLemore has prevailed on the merits. *See, Ruble v. Madison Capital, supra,* in which the defendant asserted a counterclaim based upon § 1692k(a)(3) for attorney's fees and costs. The Court dismissed that claim, explaining as follows:

> Counterclaim-Defendant contends that *Section 1692k* does not support a separate claim and that any relief provided must be sought by way of motion only after a consumer is successful on the merits. Counterclaim-Defendant relies upon an unpublished opinion by Judge Walter Herbert Rice, *Chlanda v. Joseph M. Wymard, 1994 U.S.Dist. LEXIS 21317,* No. C-3-93-321, 1994 WL 583124 (N.D. Ohio, August 16, 1994). As in our case, the Plaintiffs in *Chlanda* filed an action alleging improper debt collection activities under [*5] federal and state law and the defendant filed a counterclaim seeking attorney fees and

costs pursuant to 15 U.S.C. § *1692k. Chlanda,* 1994 WL 583124. Judge Rice provided the following analysis:

> 1. Any request for attorneys fees and costs, sustained by a defendant in defending against an action under the Fair Debt Collection Practices Act, which said action has been brought in bad faith and for harassing purpose, is simply not ripe, unless and until: first, the merits of the Plaintiffs' federal claim are resolved in favor of defendants and, second, the Court has found that the action was brought in bad faith and for the purpose of harassment.
>
> 2. The language in *15 U.S.C. § 1692k(a)(3)* that "on a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs," clearly contemplates not the pleading of a counterclaim whose cause of action is not yet ripe for adjudication by the court, but rather a motion submitted to the trial court's discretion, if, but only if, the court has first resolved the merits of the [*6] federal claims against the creditor [debt collector] and the court has further found that the action was brought in bad faith and for the purpose of harassment.
>
> 3. Given the fact that the Counterclaim is not ripe for adjudication by this Court, the Court concludes, as did the Plaintiffs, that the Defendants' Counterclaim fails to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6).*
>
> 4. This Court adopts the reasoning of the United States District Court for the Western District in *Hardin v. Folger, 704 F. Supp. 355, 356-357 (W.D.N.Y. 1988).*

*Id.* at *1-2; *see also Hardin v. Folger, 704 F. Supp. 355, 356-357 (W. D. N. Y. 1988)* ("the civil liability section of the FDCPA. . . *15 U.S.C. § 1692k,* provides *relief* but not a claim, to defendants in an action under the Act. If the Court determines that the action is brought in bad faith, defendants' relief is sought properly by motion for attorneys' fees.")
- - -
This Court adopts the reasoning set forth in the district courts' opinions in *Chlanda* and *Hardin* and dismisses Counterclaim-Plaintiffs' First Claim for Relief for failure to state a claim upon which relief can be granted.

3
Case 2:12-cv-00152  Document 8  Filed 06/05/12  Page 3 of 5  PageID #: 74

*Id.* at \*\*4-7. *Also, see, Marcum v. Eastman Credit Union, et al.,* Case No. 2:10-CV-10, (E.D. Tenn., March 30, 2011), in which the Honorable Judge J. Ronnie Greer held that:

> "While it is clear that under the FDCPA the defendants may be entitled to relief in the form of attorney's fees, that relief is only available to the defendants upon this Court's finding that the Plaintiffs' allegations were made in bad faith and only upon motion of the defendant after such finding by the Court."

*Marcum*, at 5. *Also, see, Brock v. Maryville Collection Service, Inc., et al.,* Case No. 2:11-CV-60 (Honorable Judge J. Ronnie Greer, E.D. Tenn., May 10, 2012) (Court "concludes that the purpose of section 1692k(a)(3) is not to provide defendants with a cause of action but rather to provide relief to a defendant subjected to litigation brought in bad faith. This conclusion is supported by the plain language of the statute, cited supra, indicating that a defendant may seek relief under the FDCPA only after a finding by the court that the Plaintiffs' action was brought in bad faith."). *Brock*, at p. 3.

The same analysis applies in this case. No claim yet exists for Defendant McLemore recovery of attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) and, therefore, this theoretical issue is simply not ripe for adjudication and cannot be asserted by way of a claim in an Answer or as an Affirmative Defense at this time.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Plaintiffs respectfully request this Court to strike Defendant McLemore's claim that Plaintiffs brought the current action in bad faith and for the purpose of harassment, and that the Court should award Defendant McLemore attorney's fees,

as authorized by 15 U.S.C. §1692(k)(a)(3), and for such other relief this Court deems just and proper.

06/05/12  Respectfully submitted,

**MONICA J. ANFINSON**
**JERRY R. ANFINSON**


/s/   Alan C. Lee
Alan C. Lee, Esq.
Attorney for Plaintiffs
BPR #012700
P. O. Box 1357
Talbott, TN 37877-1357
423-736-0201
info@alanlee.com


**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic case filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic case filing system.

/s/        Alan C. Lee
Alan C. Lee, Esq.
Attorney for Plaintiffs